In the Matter of the Accounting of SIMON N. STEIN, as
    Executor of LOUIS N. STEIN, Deceased, Appellant.

JULIUS BERKMAN, Respondent.

*Decedent's estate — contract — claim for medical services rendered
decedent pursuant to alleged oral contract.*

*Matter of Stein,* 214 App. Div. 752, affirmed.

(Argued October 8, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 6, 1925, which affirmed a decree of the Monroe
County Surrogate's Court allowing a claim by a physician
against the estate of testator for medical services based
upon an alleged oral contract whereby claimant agreed
to render professional services to decedent as required
and decedent agreed to pay therefor the sum of ten
thousand dollars a year. It was alleged that the contract
was made in 1909 and continued in force until the death
of testator in 1918.

*Simon Fleischmann, Martin Clark* and *Adrian Block*
for appellant.

*Eugene J. Dwyer* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of TOWNSEND PINKNEY,
    Appellant, *v.* LEAVITT J. HUNT et al., Composing the
    Firm of HUNT, HILL & BETTS, Respondents.

*Attorney and client — summary order directing attorneys to turn over
books, papers and property of client denied — compensation of attor-
neys — lien.*

*Matter of Pinkney* v. *Hunt,* 214 App. Div. 718, affirmed.

(Argued October 8, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
June 9, 1925, which reversed an order of Special Term
granting a motion for a summary order directing the

respondents herein forthwith to turn over and deliver all books, papers and other property belonging to the petitioner, Townsend Pinkney, individually and as executor and trustee of and under the last will and testament of Cornelius S. Pinkney, deceased, and to account for and pay over all moneys withheld by said respondents from said petitioner, denied the said motion, fixed the compensation of the said respondents as attorneys for said petitioner and established a lien in favor of said respondents upon the papers and property of the petitioner individually and as executor and trustee in their hands until said compensation should be paid or security given therefor.

*Frank W. Wiswall* and *Harold E. Lippincott* for appellant.
*Walter A. Peterson* and *Robert McLeod Jackson* for respondents.

Order affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

In the Matter of the Application of Donner-Hanna Coke Corporation, Respondent.

City of Buffalo, Appellant.

*Tax — Buffalo (city of) — assessment of property belonging in part to Federal government — apportionment permitted by charter.*

*Matter of Donner-Hanna Coke Corpn.*, 212 App. Div. 338, affirmed. (Argued October 9, 1925; decided October 27, 1925.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 11, 1925, which reversed an order of Special Term directing the assessors of the city of Buffalo to apportion the property assessable to the Donner-Hanna Coke Corporation so that the lands owned by it be divided from the portion owned by the United States of America and be separately assessed, and that the buildings and improvements be entered upon the assessment rolls as exempt property of the United States of America.